**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES L. GARDNER,** | ) | |
| **Plaintiff** | ) | **C.A.No. 09-212 Johnstown** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CORRECTIONS OFFICER** | ) | **District Judge McLaughlin** |
| **ANDERSON, et al.,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed for Plaintiff's failure to prosecute.

**II.      REPORT**

**A.      Relevant Procedural History**

On July 31, 2009, this Court received a civil rights complaint from Plaintiff James L. Gardner, an inmate at the State Correctional Institution at Somerset, Pennsylvania. The Complaint was accompanied by a motion to proceed *in forma pauperis*; however, Plaintiff failed to submit with the motion a certified copy of his institutional account statement(s), as required by 28 U.S.C. §1915(a)(2). As a result, this Court issued an Order dated August 12, 2009, requiring Plaintiff to submit a certified copy of the required institutional account statement(s) on or before September 1, 2009, or suffer dismissal of this action for failure to prosecute. Plaintiff has had more than sufficient time to comply with this Order; yet, no response has been received and the required account statement(s) have not been submitted.

**B.     Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate.  Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter.  Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case.  Further, Plaintiff has ignored an order by this Court.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III.     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the instant civil rights action be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of some appellate rights.  See Nara v. Frank, 488 F.3d

187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 8, 2009

cc:    Honorable Sean J. McLaughlin
       United States District Judge